IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

-----------------------------------------------------------------x
                                                                 :
**In re**                                                        :  **Chapter 11**
                                                                 :
**SEMCRUDE, L.P.,** *et al.*,                                    :  **Case No. 08-11525 (BLS)**
                                                                 :
           **Debtors.**                                          :  Hearing Date: T.B.D.
                                                                 :  Objection Deadline: T.B.D.
-----------------------------------------------------------------x

## MOTION FOR ORDER PURSUANT TO SECTION 105(a) OF THE BANKRUPTCY CODE DIRECTING THAT CERTAIN ORDERS IN THE CHAPTER 11 CASES OF SEMCRUDE, L.P., ET AL. BE MADE APPLICABLE TO NEW DEBTORS

SemCrude, L.P., its parent, SemGroup, L.P. ("SemGroup"), and certain direct and indirect subsidiaries of SemGroup, as debtors and debtors in possession, each of which commenced a case under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") on July 22, 2008 (collectively, the "First Filed Debtors"),[1] together with SemGroup Holdings, L.P. and SemCap, L.L.C., subsidiaries of SemGroup, as debtors and debtors in possession (the "New Debtors"[2] and together with the First Filed Debtors, the "Debtors" or the "SemGroup Companies"), respectfully represent:

---

[1] The First Filed Debtors in these chapter 11 cases, along with the last four (4) digits of each debtor's federal tax identification number, are: SemCrude, L.P. (7524), Chemical Petroleum Exchange, Incorporated (8866), Eaglwing, L.P. (7243), Grayson Pipeline, L.L.C. (0013), Greyhawk Gas Storage Company, L.L.C. (4412), K.C. Asphalt L.L.C. (6235), SemCanada II, L.P. (3006), SemCanada L.P. (1091), SemCrude Pipeline, L.L.C. (9811), SemFuel Transport LLC (6777), SemFuel, L.P. (1015), SemGas Gathering LLC (4203), SemGas Storage, L.L.C. (0621), SemGas, L.P. (1095), SemGroup Asia, L.L.C. (5852), SemGroup Finance Corp. (3152), SemGroup, L.P. (2297), SemKan, L.L.C. (8083), SemManagement, L.L.C. (0772), SemMaterials Vietnam, L.L.C. (5931), SemMaterials, L.P. (5443), SemOperating G.P., L.L.C. (5442), SemStream, L.P. (0859), SemTrucking, L.P. (5355), and Steuben Development Company, L.L.C. (9042).

[2] The New Debtors in these chapter 11 cases, along with the last four (4) digits of each debtor's federal tax identification number, are: SemGroup Holdings, L.P. (6746) and SemCap, L.L.C. (5317).

## Background

1. On July 22, 2008 (the "First Filed Debtors' Commencement Date"), each of the First Filed Debtors commenced a voluntary case under chapter 11 of the Bankruptcy Code in this Court and filed a motion seeking the joint administration of their chapter 11 cases pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") [D.I. 10]. By Order of the Court dated July 23, 2008, the First Filed Debtors' chapter 11 cases were consolidated for procedural purposes only and are being jointly administered [D.I. 56].

2. On August 1, 2008, the Office of the United States Trustee appointed a statutory committee of unsecured creditors (the "Creditors' Committee").

3. On the date hereof, the New Debtors commenced voluntary cases under chapter 11 of the Bankruptcy Code. The New Debtors are subsidiaries of SemGroup and affiliates of the First Filed Debtors.

4. Each of the Debtors continues to operate its business and manage its properties as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

5. Concurrently herewith, the First Filed Debtors and the New Debtors have filed a motion with the Court requesting that the New Debtors' chapter 11 cases be jointly administered with those of the First Filed Debtors.

## Jurisdiction and Venue

6. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## The SemGroup Companies' Business

7.  The SemGroup Companies and their affiliates, including the New Debtors, provide gathering, transportation, storage, distribution, marketing, and other midstream services primarily to independent producers and refiners of petroleum products located along the North American energy corridor from the Gulf Coast region to central Canada and along the West Coast of the United Kingdom. Their assets primarily consist of pipelines, gathering systems, processing plants, storage facilities, terminals, and other distribution facilities located between North American production and supply areas, including the Gulf Coast, Mid-Continent and Alberta, Canada, and areas of high demand such as the Midwest region of the United States. The SemGroup Companies and their affiliates also have storage, terminal, and marine facilities in Milford Haven in the United Kingdom with pipeline connectivity to nearby refiners that enable the SemGroup Companies to supply product to the East Coast market of the United States.

## Relief Requested

8.  By this motion, the Debtors request that the Court enter an order, substantially in the form of the proposed order attached hereto as Exhibit B, pursuant to section 105(a) of the Bankruptcy Code, directing that all generally applicable orders previously entered, and any generally applicable proposed orders pending before the Court, in the First Filed Debtors' chapter 11 cases (collectively, the "First Filed Debtors' Orders") apply to the New Debtors in their chapter 11 cases. A list of the First Filed Debtors' Orders is attached hereto as Exhibit A. Specifically, the Debtors seek to have (i) those previously entered orders listed on Exhibit A applied to the New Debtors effective *nunc pro tunc* to the date of commencement of the New Debtors' chapter 11 cases (the "New Debtors Commencement Date"), and (ii) any orders entered after the New Debtors Commencement Date on motions that were pending in the First Filed Debtors' jointly administered cases on or before the New Debtors Commencement

3

Date applied to the New Debtors effective as of entry of any such orders. In addition, to the extent that the New Debtors identify any additional prior orders that should be made applicable to their cases, the New Debtors will file a notice with an amended Exhibit A attached thereto. The New Debtors request that, absent an objection within ten (10) calendar days to any such notice, any newly identified orders be deemed applicable to the New Debtors effective *nunc pro tunc* to the New Debtors Commencement Date. The Debtors seek this relief in an effort to eliminate the filing of duplicative applications and motions and, therefore, reduce the burdens on this Court and parties in interest. Assuming joint administration of the New Debtors' and the First Filed Debtors' cases, each of the First Filed Debtors' Orders would apply to the New Debtors as if the New Debtors had commenced their chapter 11 cases on the First Filed Debtors' Commencement Date, with the limited exception that such orders be effective as of the dates set forth above.

9. The relief set forth in the First Filed Debtors' Orders is necessary to facilitate a smooth transition into chapter 11 and to maximize the value of the New Debtors' estates for the benefit of all parties in interest.

**The Court has the Authority
to Grant the Relief Requested**

10. Section 105(a) of the Bankruptcy Code provides, in relevant part that "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). Pursuant to section 105(a) of the Bankruptcy Code, the Court has expansive equitable powers to fashion any order or decree that is in the interest of preserving or protecting the value of a debtor's assets. See, e.g., In re Chinichian, 784 F.2d 1440, 1443 (9th Cir. 1986) ("Section 105 sets out the power of the bankruptcy court to fashion orders as necessary pursuant to the purposes of the Bankruptcy

Code."); Bird v. Crown Convenience (In re NWFX, Inc.), 864 F.2d 588, 590 (8th Cir. 1988) ("The overriding consideration in bankruptcy . . . is that equitable principles govern."); In re Cooper Properties Liquidating Trust, Inc., 61 B.R. 531, 537 (Bankr. W.D. Tenn. 1986) ("the Bankruptcy Court is one of equity and as such it has a duty to protect whatever equities a debtor may have in property for the benefit of its creditors as long as that protection is implemented in a manner consistent with the bankruptcy laws.").

11. Entry of an order directing that the First Filed Debtors' Orders be made applicable to the New Debtors will obviate the need for duplicative notices, motions, applications, and orders to be filed in the New Debtors' chapter 11 cases. The Debtors seek to save considerable time and expense for their estates and reduce the burden on the Court and parties in interest by proceeding in this manner. The New Debtors require the protections and authorizations that are set forth in the First Filed Debtors' Orders to enter chapter 11 in an orderly manner and to maintain their ability to reorganize successfully. If this Motion is not granted, the New Debtors would seek substantially the same substantive relief granted in the First Filed Debtors' Orders. Those orders address many of the matters that most debtors must deal with in their chapter 11 cases. For example, the orders deal with, among other things, the retention and compensation of professionals, the payment of taxes, and insurance and employee related issues.

12. Had the New Debtors filed chapter 11 petitions at the same time as the First Filed Debtors, they would have been movants with respect to the First Filed Debtors' Orders. By proceeding in the manner of this Motion, the Debtors seek to streamline the motion practice for requesting such relief, while at the same time providing the same requisite facts and justification for such relief as if the New Debtors had filed such motions.

13.     The Debtors believe that the relief requested herein is appropriate to carry out the provisions of the Bankruptcy Code. Similar procedures have been authorized in other complex chapter 11 cases. See, e.g., In re WorldCom, Inc., et al., Ch. 11 Case No. 02-13533 (AJG) (Bankr. S.D.N.Y. 2002); In re Enron Corp., et al., Ch. 11 Case No. 01-16034 (AJG) (Bankr. S.D.N.Y. 2002); In re Adelphia Business Solutions, Inc., et al., Ch. 11 Case No. 02-11389 (REG) (Bankr. S.D.N.Y. 2002); and In re Genesis Health Ventures, Inc., et al., Case Nos. 00-2692, 3196 (JHW) (Bankr. D. Del. 2000).

14.     Based on the foregoing, the Debtors submit that the relief requested is necessary and appropriate, is in the best interests of their estates and creditors, and should be granted in all respects.

15.     The Debtors further submit that because the relief requested in this Motion is necessary to avoid immediate and irreparable harm to the Debtors for the reasons set forth herein, Bankruptcy Rule 6003 has been satisfied.

16.     To successfully implement the foregoing, the Debtors seek a waiver of the notice requirements under Bankruptcy Rule 6004(a) and the ten-day stay under Bankruptcy Rule 6004(h).

### Notice

17.     No trustee been appointed in these chapter 11 cases. The Debtors have served notice of this Motion on: (a) the U.S. Trustee for the District of Delaware, (b) counsel to the Creditors' Committee; (c) all known creditors of the New Debtors; (d) counsel to the Agent for the Debtors' prepetition and postpetition lenders; (e) proposed counsel to the Examiner and the Examiner; and (f) parties entitled to receive notice in these chapter 11 cases pursuant to Bankruptcy Rule 2002. The Debtors submit that no other or further notice need be provided.

WHEREFORE the Debtors respectfully request entry of an order, substantially similar to the proposed form of order attached hereto, granting the relief requested herein and such other and further relief as the Court may deem just.

Dated:  October 22, 2008
        Wilmington, Delaware

Respectfully submitted,

*/s/ Katherine Good*

Mark D. Collins (No. 2981)
John H. Knight (No. 3848)
L. Katherine Good (No. 5101)
Maris J. Finnegan (*DE admission pending*)
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
920 North King Street
Wilmington, Delaware 19801
Telephone:  (302) 651-7700
Facsimile:  (302) 651-7701

-and-

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone:  (212) 310-8000
Michael Kessler

-and-

WEIL, GOTSHAL & MANGES LLP
200 Crescent Court, Suite 300
Dallas, Texas  75201
(214) 746-7700
Martin Sosland
Sylvia Mayer

*Attorneys for the Debtors and Debtors-in-Possession*

## Exhibit A

### First Filed Debtors' Orders

| Date | Docket # | Order |
|---|---|---|
| 07/23/2008 | 43 | Order Granting Motion for Admission pro hac vice of Christopher M. Lopez. |
| 07/23/2008 | 44 | Order Granting Motion for Admission pro hac vice of Sylvia A. Mayer. |
| 07/23/2008 | 45 | Order Granting Motion for Admission pro hac vice of Sherri L. Toub. |
| 07/23/2008 | 46 | Order Granting Motion for Admission pro hac vice of Martin A. Sosland. |
| 07/23/2008 | 47 | Order Granting Motion for Admission pro hac vice of Michael P. Kessler. |
| 07/23/2008 | 56 | Order Directing Joint Administration of Related Chapter 11 Cases 08-11525-49, under Case No. 08-11525 (BLS). |
| 07/23/2008 | 57 | Order for Authorization to (I) Employ And Retain KCC As Claims And Noticing Agent For The Debtors And (II) Appoint KCC As Agent Of The Bankruptcy Court. |
| 07/23/2008 | 58 | Interim Order (I) Authorizing Payment Of Certain Prepetition Taxes And (II) Authorizing And Directing Financial Institutions To Honor And Process Related Electronic Transfers And Checks. |
| 07/23/2008 | 60 | Order Authorizing Debtors To (I) Continue Their Workers' Compensation Programs And Their Liability, Property, And Other Insurance Programs And (II) Pay All Prepetition Obligations In Respect Thereof. |
| 07/23/2008 | 61 | Interim Order (I) Prohibiting Utilities From Altering, Refusing, Or Discontinuing Service; (II) Deeming Utilities Adequately Assured Of Future Performance; And (III) Establishing Procedures For Determining Adequate Assurance Of Payment. (related document(s)17 ) Order Signed on 7/23/2008. |
| 07/23/2008 | 62 | Order Authorizing The Debtors To Pay Certain Critical Providers And Other Critical Prepetition Claims. |
| 07/23/2008 | 63 | Order (I) Authorizing Payment Of Wages, Compensation And Employee Benefits And (II) Authorizing Financial Institutions To Honor And Process Checks And Transfers Related To Such Obligations. |
| 08/19/2008 | 809 | Order Authorizing The Debtors To Employ AP Services, LLC And Designating Lisa Donahue As Chief Restructuring Officer Nunc Pro Tunc To The Commencement Date. |

| Date | Docket # | Order |
|---|---|---|
| 08/19/2008 | 810 | Final Order (I) Authorizing Payment Of Wages, Compensation And Employee Benefits And (II) Authorizing Financial Institutions To Honor And Process Checks And Transfers Related To Such Obligations. |
| 08/19/2008 | 812 | Order Authorizing Debtors And Debtors In Possession To Employ Professionals Used In The Ordinary Course Of The Debtors' Business. |
| 08/19/2008 | 813 | Final Order (I) Prohibiting Utilities From Altering, Refusing, Or Discontinuing Service; (II) Deeming Utilities Adequately Assured Of Future Performance; And (III) Establishing Procedures For Determining Adequate, Assurance Of Payment. |
| 08/19/2008 | 816 | Order Authorizing The Employment Of Weil, Gotshal & Manges LLP As Attorneys For The Debtors Nunc Pro Tunc To The Commencement Date. |
| 08/19/2008 | 817 | Final Order (I) Authorizing Payment Of Certain Prepetition Taxes And (II) Authorizing And Directing Financial Institutions To Honor And Process Related Electronic Transfers And Checks. |
| 08/19/2008 | 818 | Order Authorizing The Retention And Employment Of Richards, Layton & Finger, P.A. As Co-Counsel To The Debtors Nunc Pro Tunc To The Petition Date. |
| 08/20/2008 | 844 | Order Granting Motion for Admission pro hac vice of Yolanda C. Garcia. |
| 09/03/2008 | 1026 | Order Authorizing the Debtors to Pay Prepetition Claims of Certain Construction Contrators. |
| 09/09/2008 | 1262 | Order Authorizing The Retention And Employment Of Bifferato Gentilotti As Special Conflicts Counsel To The Debtors Nunc Pro Tunc To The Petition Date. |
| 09/10/2008 | 1295 | Order Directing United States Trustee to Appoint an Examiner. |
| 09/10/2008 | 1296 | Order Approving Debtors' Motion for Approval of Expedited Procedures for the Rejection of Certain Executory Contracts and Unexpired Leases and Abandonment of Related Property. |
| 09/10/2008 | 1298 | Order Approving Debtors' First Omnibus Motion for Approval of Rejection of Certain Executory Contracts. |
| 09/10/2008 | 1299 | Order (SUPPLEMENTAL) Authorizing Debtors to (I) Continue Their Workers' Compensation Programs And Their Liability, Property, And Other Insurance Programs And (II) Pay All Prepetition Obligations In Respect Thereof. |
| 09/10/2008 | 1300 | Order Approving (I) Information Sharing Protocol and (II) Garden City Group, Inc. as Communications Agent. |

| Date | Docket # | Order |
|---|---|---|
| 09/12/2008 | 1350 | Order For Authorization to Retain and Employ Blackstone Advisory Services L.P. as Investment Banker and Financial Advisor Nunc Pro Tunc to the Commencement Date. |
| 09/16/2008 | 1375 | Order Establishing Procedures for the Resolution of Reclamation Claims. |
| 09/16/2008 | 1376 | Order Establishing Procedures for the Resolution of Administrative Claims Asserted and Regarding Payments for Post-Petition Purchases. |
| 09/17/2008 | 1397 | Order Authorizing Debtors to Employ Conner & Winters, L.L.P. as Special Counsel to the Debtors Nunc Pro Tunc to July 25, 2008. |
| 09/17/2008 | 1403 | Order Authorizing Nunc Pro Tunc Retention and Employment of Quinn Emanuel Urquhart Oliver & Hedges, LLP, as Counsel to the Official Committee of Unsecured Creditors of SemCrude, L.P., et al. |
| 09/18/2008 | 1423 | Order Authorizing Debtors' Implementation Of An Incentive Plan. |
| 09/18/2008 | 1425 | Order Establishing Procedures For The Resolution Of Liens Asserted Pursuant To Producers' Statutory Lien Or Similar Statutes. |
| 09/26/2008 | 1557 | Order Establishing Procedures for the Resolution of Liens Asserted Pursuant to Producers' Statutory Lien or Limilar Statutes. |
| 09/26/2008 | 1558 | Order Authorizing the Official Committee of Unsecured Creditors of Semcrude, L.P., et al. to Retain and Employ Blank Rome LLP as its Co-Counsel Nunc Pro Tunc as of August 1, 2008. |
| 09/30/2008 | 1590 | Order Authorizing the Retention and Employment of PA Consulting Group, Inc. Nunc Pro Tunc to August 7, 2008 as Energy Industry Consultants to the Debtors. |
| 09/30/2008 | 1591 | Order Authorizing the Debtors to Honor Prepetition Obligations to Customers and Otherwise Continue Customer Programs in the Ordinary Course of Business. |
| 10/01/2008 | 1604 | Order Granting Motion For Admission Pro Hac Vice Of Adam P. Strochak. |
| 10/08/2008 | 1698 | Order Granting Motion for Admission pro hac vice of Kent H. Barnett. |
| 10/08/2008 | 1699 | Order Granting Motion for Admission pro hac vice of Erin Eckols. |
| 10/08/2008 | 1700 | Order Granting Motion for Admission pro hac vice of Meagan Martin. |
| 10/08/2008 | 1701 | Order Granting Motion for Admission pro hac vice of Ryan P. Poscablo. |

| Date | Docket # | Order |
|---|---|---|
| 10/14/2008 | 1747 | Order Granting Motion For Admission Pro Hac Vice Of Andrew R. Swartz. |
| 10/14/2008 | 1748 | Order Granting Motion For Admission Pro Hac Vice Of Jason W. Billeck. |
| 10/14/2008 | 1749 | Order Granting Motion For Admission Pro Hac Vice Of John B. Stasburger. |
| 10/21/2008 | 1837 | Order Approving Common Interest Agreement Between Debtors and Official Committee of Unsecured Creditors Nunc Pro Tunc to the Formation of the Committee, Implementation of Protective Order, and Approval of Procedures to Protect Information in Fee Statements. |

## Exhibit B

## Proposed Order

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------x
                                   :

In re                                 :      Chapter 11
                                 :

SEMCRUDE, L.P., *et al.*,          :      Case No. 08-11525 (BLS)
                                 :

Debtors.                   :
                                 :
------------------------------------------------------------x

## ORDER PURSUANT TO SECTION 105(a) OF THE BANKRUPTCY CODE DIRECTING THAT CERTAIN ORDERS IN THE CHAPTER 11 CASES OF SEMCRUDE, L.P., ET AL., BE MADE APPLICABLE TO NEW DEBTORS

Upon the motion, dated October 22, 2008, (the "Motion"), of SemCrude, L.P., its parent, SemGroup, L.P. ("SemGroup"), and certain direct and indirect subsidiaries of SemGroup, as debtors and debtors in possession (collectively, the "First Filed Debtors") and SemGroup Holdings, L.P. and SemCap, L.L.C. (the "New Debtors" and together with the First Filed Debtors, the "Debtors"), for entry of an order pursuant to section 105(a) of the title 11 of the United States Code (the "Bankruptcy Code"), directing that orders entered in the chapter 11 cases of the First Filed Debtors be made applicable to the New Debtors, as more fully set forth in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided to the parties listed therein, and it appearing that no other or further notice need be provided; and the Court having determined that the relief sought in the Motion is in the best interests of the Debtors, their estates and creditors, and all parties in interest; and that the legal and factual bases set forth in the Motion establish just cause for the

relief granted herein; and upon all of the proceedings had before this Court and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the Motion is granted; and it is further

ORDERED that any and all generally applicable orders heretofore entered in the First Filed Debtors' chapter 11 cases, each of which is identified on Schedule A annexed hereto, are applicable to the New Debtors effective *nunc pro tunc* to the date of commencement of the New Debtors' chapter 11 cases (the "New Debtors Commencement Date"), and any orders entered after the New Debtors Commencement Date on motions that were pending in the First Filed Debtors' jointly administered cases on or before the New Debtors Commencement Date are applicable to the New Debtors effective as of entry of any such orders; provided, however, to the extent that the New Debtors identify any additional prior orders that should be made applicable to their cases, the New Debtors shall file a notice with an amended Exhibit A attached thereto, and absent an objection within ten calendar days to any such notice, such newly identified orders shall be deemed applicable to the New Debtors effective *nunc pro tunc* to the New Debtors Commencement Date; and it is further

ORDERED that any and all generally applicable orders hereafter entered in the First Filed Debtors' chapter 11 cases in respect of requests for relief pending before the Court on the date hereof shall be applicable to the New Debtors, effective as of the dates of entry of such orders in the First Filed Debtors' chapter 11 cases, and as if the New Debtors were Debtors as set forth in such orders; and it is further

ORDERED that Rule 6003(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") has been satisfied; and it is further

3

ORDERED that the requirements of Bankruptcy Rule 6004(a) are waived; and it is further

ORDERED that notwithstanding any applicability of Bankruptcy Rule 6004(h), the terms and conditions of this Order shall be immediately effective and enforceable upon entry of this Order; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation and/or interpretation of this Order.

Dated: _____, 2008
      Wilmington, Delaware

 

_____
THE HONORABLE BRENDAN L. SHANNON
UNITED STATES BANKRUPTCY JUDGE

## Schedule A

## First Filed Debtors' Orders

## Exhibit A

### First Filed Debtors' Orders

| Date | Docket # | Order |
|---|---|---|
| 07/23/2008 | 43 | Order Granting Motion for Admission pro hac vice of Christopher M. Lopez. |
| 07/23/2008 | 44 | Order Granting Motion for Admission pro hac vice of Sylvia A. Mayer. |
| 07/23/2008 | 45 | Order Granting Motion for Admission pro hac vice of Sherri L. Toub. |
| 07/23/2008 | 46 | Order Granting Motion for Admission pro hac vice of Martin A. Sosland. |
| 07/23/2008 | 47 | Order Granting Motion for Admission pro hac vice of Michael P. Kessler. |
| 07/23/2008 | 56 | Order Directing Joint Administration of Related Chapter 11 Cases 08-11525-49, under Case No. 08-11525 (BLS). |
| 07/23/2008 | 57 | Order for Authorization to (I) Employ And Retain KCC As Claims And Noticing Agent For The Debtors And (II) Appoint KCC As Agent Of The Bankruptcy Court. |
| 07/23/2008 | 58 | Interim Order (I) Authorizing Payment Of Certain Prepetition Taxes And (II) Authorizing And Directing Financial Institutions To Honor And Process Related Electronic Transfers And Checks. |
| 07/23/2008 | 60 | Order Authorizing Debtors To (I) Continue Their Workers' Compensation Programs And Their Liability, Property, And Other Insurance Programs And (II) Pay All Prepetition Obligations In Respect Thereof. |
| 07/23/2008 | 61 | Interim Order (I) Prohibiting Utilities From Altering, Refusing, Or Discontinuing Service; (II) Deeming Utilities Adequately Assured Of Future Performance; And (III) Establishing Procedures For Determining Adequate Assurance Of Payment. (related document(s)17 ) Order Signed on 7/23/2008. |
| 07/23/2008 | 62 | Order Authorizing The Debtors To Pay Certain Critical Providers And Other Critical Prepetition Claims. |
| 07/23/2008 | 63 | Order (I) Authorizing Payment Of Wages, Compensation And Employee Benefits And (II) Authorizing Financial Institutions To Honor And Process Checks And Transfers Related To Such Obligations. |
| 08/19/2008 | 809 | Order Authorizing The Debtors To Employ AP Services, LLC And Designating Lisa Donahue As Chief Restructuring Officer Nunc Pro Tunc To The Commencement Date. |

| Date | Docket # | Order |
| --- | --- | --- |
| 08/19/2008 | 810 | Final Order (I) Authorizing Payment Of Wages, Compensation And Employee Benefits And (II) Authorizing Financial Institutions To Honor And Process Checks And Transfers Related To Such Obligations. |
| 08/19/2008 | 812 | Order Authorizing Debtors And Debtors In Possession To Employ Professionals Used In The Ordinary Course Of The Debtors' Business. |
| 08/19/2008 | 813 | Final Order (I) Prohibiting Utilities From Altering, Refusing, Or Discontinuing Service; (II) Deeming Utilities Adequately Assured Of Future Performance; And (III) Establishing Procedures For Determining Adequate, Assurance Of Payment. |
| 08/19/2008 | 816 | Order Authorizing The Employment Of Weil, Gotshal & Manges LLP As Attorneys For The Debtors Nunc Pro Tunc To The Commencement Date. |
| 08/19/2008 | 817 | Final Order (I) Authorizing Payment Of Certain Prepetition Taxes And (II) Authorizing And Directing Financial Institutions To Honor And Process Related Electronic Transfers And Checks. |
| 08/19/2008 | 818 | Order Authorizing The Retention And Employment Of Richards, Layton & Finger, P.A. As Co-Counsel To The Debtors Nunc Pro Tunc To The Petition Date. |
| 08/20/2008 | 844 | Order Granting Motion for Admission pro hac vice of Yolanda C. Garcia. |
| 09/03/2008 | 1026 | Order Authorizing the Debtors to Pay Prepetition Claims of Certain Construction Contrators. |
| 09/09/2008 | 1262 | Order Authorizing The Retention And Employment Of Bifferato Gentilotti As Special Conflicts Counsel To The Debtors Nunc Pro Tunc To The Petition Date. |
| 09/10/2008 | 1295 | Order Directing United States Trustee to Appoint an Examiner. |
| 09/10/2008 | 1296 | Order Approving Debtors' Motion for Approval of Expedited Procedures for the Rejection of Certain Executory Contracts and Unexpired Leases and Abandonment of Related Property. |
| 09/10/2008 | 1298 | Order Approving Debtors' First Omnibus Motion for Approval of Rejection of Certain Executory Contracts. |
| 09/10/2008 | 1299 | Order (SUPPLEMENTAL) Authorizing Debtors to (I) Continue Their Workers' Compensation Programs And Their Liability, Property, And Other Insurance Programs And (II) Pay All Prepetition Obligations In Respect Thereof. |
| 09/10/2008 | 1300 | Order Approving (I) Information Sharing Protocol and (II) Garden City Group, Inc. as Communications Agent. |

| Date | Docket # | Order |
|---|---|---|
| 09/12/2008 | 1350 | Order For Authorization to Retain and Employ Blackstone Advisory Services L.P. as Investment Banker and Financial Advisor Nunc Pro Tunc to the Commencement Date. |
| 09/16/2008 | 1375 | Order Establishing Procedures for the Resolution of Reclamation Claims. |
| 09/16/2008 | 1376 | Order Establishing Procedures for the Resolution of Administrative Claims Asserted and Regarding Payments for Post-Petition Purchases. |
| 09/17/2008 | 1397 | Order Authorizing Debtors to Employ Conner & Winters, L.L.P. as Special Counsel to the Debtors Nunc Pro Tunc to July 25, 2008. |
| 09/17/2008 | 1403 | Order Authorizing Nunc Pro Tunc Retention and Employment of Quinn Emanuel Urquhart Oliver & Hedges, LLP, as Counsel to the Official Committee of Unsecured Creditors of SemCrude, L.P., et al. |
| 09/18/2008 | 1423 | Order Authorizing Debtors' Implementation Of An Incentive Plan. |
| 09/18/2008 | 1425 | Order Establishing Procedures For The Resolution Of Liens Asserted Pursuant To Producers' Statutory Lien Or Similar Statutes. |
| 09/26/2008 | 1557 | Order Establishing Procedures for the Resolution of Liens Asserted Pursuant to Producers' Statutory Lien or Limilar Statutes. |
| 09/26/2008 | 1558 | Order Authorizing the Official Committee of Unsecured Creditors of Semcrude, L.P., et al. to Retain and Employ Blank Rome LLP as its Co-Counsel Nunc Pro Tunc as of August 1, 2008. |
| 09/30/2008 | 1590 | Order Authorizing the Retention and Employment of PA Consulting Group, Inc. Nunc Pro Tunc to August 7, 2008 as Energy Industry Consultants to the Debtors. |
| 09/30/2008 | 1591 | Order Authorizing the Debtors to Honor Prepetition Obligations to Customers and Otherwise Continue Customer Programs in the Ordinary Course of Business. |
| 10/01/2008 | 1604 | Order Granting Motion For Admission Pro Hac Vice Of Adam P. Strochak. |
| 10/08/2008 | 1698 | Order Granting Motion for Admission pro hac vice of Kent H. Barnett. |
| 10/08/2008 | 1699 | Order Granting Motion for Admission pro hac vice of Erin Eckols. |
| 10/08/2008 | 1700 | Order Granting Motion for Admission pro hac vice of Meagan Martin. |
| 10/08/2008 | 1701 | Order Granting Motion for Admission pro hac vice of Ryan P. Poscablo. |

| Date | Docket # | Order |
|---|---|---|
| 10/14/2008 | 1747 | Order Granting Motion For Admission Pro Hac Vice Of Andrew R. Swartz. |
| 10/14/2008 | 1748 | Order Granting Motion For Admission Pro Hac Vice Of Jason W. Billeck. |
| 10/14/2008 | 1749 | Order Granting Motion For Admission Pro Hac Vice Of John B. Stasburger. |
| 10/21/2008 | 1837 | Order Approving Common Interest Agreement Between Debtors and Official Committee of Unsecured Creditors Nunc Pro Tunc to the Formation of the Committee, Implementation of Protective Order, and Approval of Procedures to Protect Information in Fee Statements. |